Church, Ch. J.
The accident was caused by the carelessness of the switchman, in neglecting' to close the switch after the stock train had passed on to the side track, and in giving a false signal to the approaching passenger train, that the track was all right. It was a clear case of negligence; and for the injury to the plaintiff produced thereby the defendant is liable in this action. It .is insisted that the court erred in admitting evidence of the intemperate habits of the switchman, and that the case of Warner v. N. Y. C. R. R. Co. (44 N. Y., 465) is a direct authority against it. That was a case of injury at a road crossing. It was proved that the flagman neglected to give the customary-signal, and was intoxicated at the time. The Commission of Appeals held it error to show previous habits of intemperance known to the ofñcers of the company, upon the ground that such evidence had no bearing upon the question of negligence at the time. In that view the decision was right. Previous intoxication would not tend to establish an omission to give the signal on the occasion of the accident. |ín this ease it was sought to be proved, not only that Hartman was intoxicated at the time of the accident, but that he was a man of intemperate habits, which were known by the agent of the com *47 pany, having the power to employ and discharge him and other subordinates, with a view of claiming exemplary damages. For this' purpose the evidence was competent.
It is unnecessary in this connection, to speak of the ■ strength of the proof upon which a claim for exemplary damages was made in this case. It is sufficient to say that the evidence was competent upon the question of gross negligence on the part of the defendant in employing or continuing the employment of a subordinate known to be unfit for his position by reason of intoxication.
A more serious question arises upon the charge of the judge in relation to exemplary damages. He charged that,
“ In awarding damages in this class of cases it will be your duty always to award to the plaintiff full compensation for the injuries that she received; and to that yon may add such sum for exemplary damages as the case calls for; depending in a great measure of course upon the conduct of the defendant; ” which was excepted to. This is claimed to be an instruction that in all cases of this character, the jury may, in their discretion award exemplary damages with the qualification only that such damages are, “ in a great measure,” dependent upon the conduct of the party. If this is the proper construction of the charge, it was clearly erroneous. It is the exception and not the rule that, in this class of cases, exemplary damages are allowable. It is unnecessary to discuss the question at large in this case, nor to refer to the numerous decisions, some of which are conflicting upon the general subject.
For the purposes of this ease, the following rule may be laid down as fairly deducible from the authorities, viz.: For injuries by the negligence of a servant while engaged in the business of the master, within the scope of his employment, the latter is liable for compensatory damages ; but for such negligence, however gross or culpable, he is not liable to be punished in punitive damages unless he is. also chargeable with gross misconduct. Such misconduct may be established by showing that the act of the servant was authorized *48 or ratified, or that the master employed 'or retained the servant, knowing that he was incompetent, or, from bad habits, unfit for the position he occupied. Something more than ordinary negligence is requisite; it must be reckless and of a criminal nature, and clearly established. Corporations may incur this liability, as well as private persons. (47 N. Y., 282.) If a railroad company, for instance, knowingly and wantonly employs a drunken engineer, or switchman, or retains one after knowledge of his habits is clearly brought home to the company, or to a superintending agent authorized to employ and discharge him, and injury occurs by reason of such habits, ■ the company may and ought to be amenable to the severest rule of damages; but I am not aware of any principle which permits a jury to award exemplary damages in a case which does not come up to this standard, or to graduate the amount of such damages by their views of the propriety of the conduct of the defendant, unless such conduct is of the character before specified.
The learned judge may not have intended the charge to go the length claimed, but it is fairly subject to criticism in that respect. Its import would naturally impress a jury, who are not expected to be conversant with legal rules, with the idea that they were at liberty to award exemplary damages in all such cases, and that the amount might be regulated by their views of the conduct of the defendant. We cannot say that the effect of this part of the charge was obviated by the general remarks which followed respecting the intemperate habits of the switchman and the evidence that the stationmaster had knowledge of such habits. The jury were nowhere instructed what facts were requisite to be found before any amount of exemplary damages could be awarded; and the closing observation of the judge upon this point indicates that he intended to leave the rule and its application to the discretion of the' jury. -He said: “All you have to do in all this class of cases is to take into consideration all the circumstances, and render a verdict which you- will be satisfied with m view of the conduct of the defendant, as *49 well as to compensate the plaintiff for the injury she has received.” The language left the jury at liberty to adopt any rule of liability and to punish for any conduct which they might deem improper. Although this was not specifically excepted to, it is proper to consider it upon the construction of the previous instruction, which was excepted to. The case made for exemplary damages was not, to say the most of it, a conclusive one, and we cannot say but that the jury may, under the charge, have allowed such damages, without finding the necessary facts authorizing them to do it, and hence the defendant may have been injured by the charge. We feel constrained to hold that the charge was erroneous in this respect. The rule, with its limitations should have been explicitly stated. We have not observed, any hesitation on the part of juries to award full damages in this class of cases when the rules applicable to them have been promulgated with the restrictions and limitations which the law has established. There is, necessarily, a wide margin' for the exercise of judgment in awarding compensatory damages in such cases; and when the jury are permitted to award punitive damages without limit or restriction, injustice may be done. We have no occasion to speak of the merits of the case or to intimate any opinion as to the amount of the' verdict, or whether the same might not have been rendered under proper instructions. The defendant is clearly liable in damages for the injury; and we have no concern with the amount beyond the application of correct rules of law.
For the error in the charge, the judgment must be reversed, and a new trial granted,, costs to abide the event.
All concur.
Judgment reversed.